UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
JOHN C. RUNZA,

                        Plaintiff,

-against-

WAL-MART STORES, INC.,

                        Defendant.
-----------------------------------------------------X

MEMORANDUM AND ORDER

CV 07-4146

(Wexler, J.)

APPEARANCES:

    THOMPSON WIGDOR & GILLY, LLP
    BY: CHRISTOPHER QUINCY DAVIS, ESQ.
    Attorneys for Plaintiff
    350 Fifth Avenue Suite 5720
    New York, New York 10118

    ZABELL & ASSOCIATES, P.C.
    BY: SAUL D. ZABELL, ESQ.
    Attorneys for Plaintiff
    4875 Sunrise Highway Suite 300
    Bohemia, New York 11716
    Attorneys for Plaintiff

    THELEN REID BROWN RAYSMAN & STEINER, LLP
    BY: JOEL L. FINGER, ESQ.
    900 Third Avenue
    New York, New York 10022
    Attorneys for Defendant

WEXLER, District Judge

    Presently before the court is the objection of Defendant to the Case Management and Scheduling Order of Magistrate Judge A. Kathleen Tomlinson, dated December 27, 2007 (the

"Scheduling Order").[1] The Scheduling Order is the court's standard order setting forth deadlines for discovery and court appearances, from setting the date for the completion of Rule 26(a) initial disclosures, to filing of the joint pretrial order. Defendant objects to the Scheduling Order on the ground that the September 4, 2008 deadline for the commencement of the dispositive motion process is too close to the September 18, 2008 date set for the filing of the pretrial order. Defendant argues that these dates are too close for this court to give proper attention to a summary judgment motion. Defendant further objects to the dates on the ground that the parties may be required to go to the possibly unnecessary expense of preparing a pretrial order in a case where summary judgment may be granted.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure this court shall modify or set aside any part of the order appealed from that is "clearly erroneous or contrary to law." FRCP 72(a). This court has reviewed Plaintiff's objections and the order of Magistrate Judge Tomlinson and concludes that the order appealed from should be affirmed. As communicated clearly with counsel by Magistrate Judge Tomlinson, the Scheduling Order complies with this court's standard direction to all Magistrate Judges in this District, that absent extraordinary circumstances, all cases are to be trial ready within nine months of commencement. The court assures Defendant that past experience shows that there will be adequate time to consider any motion for summary judgment. Preparation of this court's pretrial order which requires inclusion of only the most basic information, entails little expense if done properly.

Defendant's citation to McLee v. Chrysler Corp., 38 F.3d 67 (2d Cir. 1994), misses the mark. This appeal involves an order as to the timing of pretrial discovery and motion practice. It does not, in any way, amount to abdication of the court's decision making function. The court is

---

[1] This case has since been transferred to the Hon. Michael L. Orenstein.

free to decide whether, and when, to go forward with a trial and how to handle pending motions. The scheduling of cases and control of its calendar are the most basic rights of this court. The Magistrate Judge's Scheduling Order complies with the needs of the court without infringing upon any rights of the parties to properly and fully litigate their case. Defendants would do better to focus on the completion of discovery in a timely fashion and less on whether or not an anticipated summary judgment motion will receive due consideration. The court assures Defendant that it will.

Defendant's objections are overruled and the Order of Magistrate Judge Tomlinson is affirmed. The Clerk of the Court is directed to terminate this motion.

SO ORDERED.

_____
LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
       January 28 2008